# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Roy Sonkowsky on behalf of his minor son, Roy "Rocky" Sonkowsky,

Plaintiff,

vs.

Board of Education for the Independent School District No. 721; ISD No. 721; Richard Wilson as an individual and in his official capacity; Joan Anderson as an individual and in her official capacity; Kristina Madigan as an individual and in her official capacity,

Defendants.

Case Type: Civil Action

Case No.: 00-2700-ADM/AJB

**FINDINGS AND ORDER REGARDING PRIVATE DATA**

This matter came before the Court on February 21, 2001, pursuant to a scheduling conference. Joni M. Thome appeared on behalf of Plaintiff. Marie C. Skinner appeared on behalf of Defendants. During the aforementioned conference, the Court was advised that numerous issues will arise in the litigation of this matter pertaining to the discoverability and ability of New Prague Independent School District No. 721 (hereinafter "School District") to disclose private educational data. The parties have agreed to the necessity of this order and based on good cause shown for the requisite disclosures, the Court, having considered the evidence filed herein and the arguments of counsel, makes the following Findings of Fact and Conclusions of Law:

MAR 05 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff will likely request data pertaining to information and knowledge in the possession of the School District as to other students as well as data regarding Plaintiff's minor son. Additionally, Defendants assert that information known to the School District regarding other students and regarding Plaintiff's minor son is essential as part of its defense in this litigation.

2. The data and information related to these students is presently classified as private educational data pursuant to 20 U.S.C. § 1232g and Minnesota Statutes § 13.32.

3. Pursuant to Minnesota Statutes § 13.06, Subdivision 6, the Court is required to undertake the following:

   a. Determine whether the data is discoverable or releasable pursuant to the applicable rules of evidence;

   b. If the data is deemed discoverable, whether the benefit to the party seeking access outweighs any harm to the confidentiality interests of the agency maintaining the data, the individual who has provided the data, and the subject of the data who is identified in the data;

   c. Whether notice to the subject of the data is warranted and, if so, what type of notice must be given; and

   d. Whether any protective orders are deemed necessary.

4. Based on the information presented to the Court, the Court finds that the information pertaining to students of the School District that have knowledge or information regarding this matter is discoverable, and the parties' access to the data outweighs any confidentiality interests of the affected individuals.

5. Adcquatc protection of the privacy interests of the affected individuals may be afforded by requiring the School District to provide notice to known subjects of the data in accordance with the notice provisions of 20 U.S.C. § 1232g(b)(2)(B) and by providing for a protective order regarding further disclosure of such data as set forth below. Such notice shall be provided essentially in the manner set forth in the Exhibit attached hereto and made part of this order.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED:**

1. The School District, its officers, employees and agents are hereby authorized to disclose during the litigation of this matter all data, classified as private educational data and to complaints Plaintiff made regarding alleged discrimination by the School District and its employees.

2. Prior to the release of such data, the School District shall notify, to the extent possible, the student(s) and parent(s) subject of the data and inform them that such data is being released pursuant to court order and in compliance with the notice requirements under the Federal Educational Privacy Rights Act, 20 U.S.C. § 1232g(b)(2)(B) and Minnesota Statutes § 13.06, Subdivision 6. Parents and/or students shall be notified that they have ten (10) days from the date of the notice to contact the Court with any objections they have as to the release of such data. To the extent private educational data is sought in accordance with the Court's Order during depositions of any School District officers, employees and agents and the notice provisions of this paragraph have not been met, any personally identifiable information regarding said student(s), to the extent possible, shall not be recorded on the record but shall be marked and provided to

Plaintiff in a timely manner following the deposition and notice to the affected student(s) and parent(s) in accordance with 20 U.S.C. § 1232g(b)(2)(B).

3. Any private educational data required to be released pursuant to the Court's Order and contained in depositions or transcripts of hearings, shall remain private data and may not be used for any purposes outside of the litigation, nor shall it be released by either party outside of these proceedings. To the extent any such private data is part of the Court's records, such documents shall be sealed and/or redacted to protect the privacy of the individual subjects of said data.

4. Any hearing or trial of this matter wherein private educational data of students other than Plaintiff is disclosed shall be closed.

Dated: 2/21, 2001

By: 
Arthur J. Boylan
United States Magistrate Judge

(Date)

[Parent(s)]
[Student Name]
[Address]
[City, State & Zip]

Re: Sonkowsky v. Independent School District No. 721, et al.
Court File No. 00-2700 ADM/AJB

Dear Mr. and Mrs. [Name] and [Student]:

Please be advised that the United States District Court issued an Order in regard to the above-captioned matter which requires Independent School District No. 721, New Prague, Minnesota, to disclose information regarding alleged incidents of discrimination or harassment involving Rocky Sonkowsky. Accordingly, any information provided by you, regarding you or known to you, pertaining to any incidents of discrimination or harassment will be released in the litigation of this matter. This notification is made in compliance with the Family Educational Rights and Privacy Act, 20 U.S.C. Section 1232g(b)(2)(B) and 34 Code of Federal Regulations, Section 99.31(a)(9)(i) and (ii) which provide that parents and students be notified in advance when school districts release private student data in compliance with a court order.

Please be advised that if you do not object to the release of such data within ten (10) days of the date of this notice, any of the aforementioned information about you may be released. Any such objections should be directed in writing to The Honorable Arthur J. Boylan, United States Magistrate Judge, U. S. Courthouse - Room 638, 316 North Robert Street, St. Paul, MN 55101. Please be further advised that while said data may be released for purposes of this litigation, said data shall remain private for all other purposes and further, that the Court has provided for the confidentiality of said information in these proceedings in that such data shall not be made public to individuals not involved in this litigation.

If you have any questions, please do not hesitate to contact the undersigned at (651) 225-0617.

Very truly yours,

Marie C. Skinner
Legal Counsel for Defendants
Independent School District No. 721,
New Prague, Joan Anderson,
Kristina Madigan and Richard Wilson

MCS/pw
cc: Dr. Frankie Poplau
Superintendent of Schools

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.